UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GLORIA VILMA SANCHEZ,                )      Case No. CV 14-00037-JEM
                                     )
              Plaintiff,             )
                                     )
       v.                            )      MEMORANDUM OPINION AND
                                     )      ORDER AFFIRMING DECISION OF
CAROLYN W. COLVIN,                   )      THE COMMISSIONER OF SOCIAL
Acting Commissioner of Social Security, ) SECURITY
                                     )
              Defendant.             )
_____      )

## PROCEEDINGS

On January 8, 2014, Gloria Vilma Sanchez ("Plaintiff" or "Claimant") filed a
complaint seeking review of the decision by the Commissioner of Social Security
("Commissioner") denying Plaintiff's application for Supplemental Security Income
("SSI") benefits.  The Commissioner filed an Answer on May 12, 2014.  On August 22,
2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this
Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record
("AR"), the Court concludes that the Commissioner's decision must be affirmed and this
case dismissed with prejudice.

**BACKGROUND**

Plaintiff Gloria Vilma Sanchez is a 49-year-old female who applied for Supplemental Security Income benefits on April 6, 2011, alleging disability beginning January 31, 2011.  (AR 26.)  The ALJ determined that Plaintiff has not engaged in substantial gainful activity since April 6, 2011, the application date.  (AR 28.)

Plaintiff's claim was denied initially on October 14, 2011.  (AR 26.)  Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") David J. Agatstein on July 12, 2012 in Los Angeles, California.  (AR 26.)  Claimant testified with the assistance of a Spanish interpreter and was represented by counsel. (AR 26.)  Medical experts ("ME") H. C. Alexander, M.D. and Raymond E. Moore,  and vocational expert ("VE") Frank Nick Corso Jr., M.A. also appeared and testified at the hearing.  (AR 26.)

On July 24, 2012, the ALJ issued an unfavorable decision denying Claimant's claim.  (AR 26-36.)  The Appeals Council denied review on October 30, 2013.  (AR 3-7.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as a ground for reversal and remand:

1.    Whether the ALJ's residual functional capacity is supported by substantial evidence.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such

1   relevant evidence as a reasonable mind might accept as adequate to support a

2   conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation

3   omitted).

4        This Court must review the record as a whole and consider adverse as well as

5   supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

6   Where evidence is susceptible to more than one rational interpretation, the ALJ's

7   decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599

8   (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole

9   and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"

10  Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

11  1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

12                              **THE SEQUENTIAL EVALUATION**

13       The Social Security Act defines disability as the "inability to engage in any

14  substantial gainful activity by reason of any medically determinable physical or mental

15  impairment which can be expected to result in death or . . . can be expected to last for a

16  continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),

17  1382c(a)(3)(A). The Commissioner has established a five-step sequential process to

18  determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

19       The first step is to determine whether the claimant is presently engaging in

20  substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the

21  claimant is engaging in substantial gainful activity, disability benefits will be denied.

22  Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether

23  the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at

24  746. An impairment is not severe if it does not significantly limit the claimant's ability to

25  work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

26  is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I

27  of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the

28  listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since April 6, 2011, the application date. (AR 28.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: fibromyalgia, carpal tunnel syndrome (CTS), degenerative disc disease of the lumbosacral spine, and obesity.  (AR 28-31.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 31.)

The ALJ then found that Plaintiff has the RFC to perform less than the full range of light work with the following limitations:

> Claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk up to 6 hours in an 8-hour day; and sit up to 6 hours in an 8-hour day.  She can frequently engage in postural positions, and she can occasionally grasp, handle, and feel with her hands.  She must avoid exposure to dangerous moving machinery and unprotected heights.  Thus, she is capable of a limited range of light work as defined in 20 C.F.R. § 416.967(b).

(AR 31-34.)  In determining this RFC, the ALJ made an adverse credibility determination (AR 34.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a janitor, kitchen helper, hand packager, sales clerk, and housekeeper.  (AR 34-35.)  The ALJ, however, also found that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including counter clerk and children's attendant. (AR 35-36.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act.  (AR 36.)

1

**DISCUSSION**

2      The ALJ decision must be affirmed.  The ALJ discounted Plaintiff's subjective

3  symptoms for clear and convincing reasons supported by substantial evidence.  The

4  ALJ's RFC is supported by substantial evidence.  The ALJ's nondisability determination

5  is supported by substantial evidence and free of legal error.

6  **I.      THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

7      In challenging the ALJ's limited range of light work RFC, Plaintiff asserts that the

8  ALJ improperly discounted Plaintiff's subjective symptoms.  The Court disagrees.

9      **A.      Relevant Federal Law**

10      The ALJ's RFC is not a medical determination but an administrative finding or

11  legal decision reserved to the Commissioner based on consideration of all the relevant

12  evidence, including medical evidence, lay witnesses, and subjective symptoms.  See

13  SSR 96-5p; 20 C.F.R. § 1527(e).  In determining a claimant's RFC, an ALJ must

14  consider all relevant evidence in the record, including medical records, lay evidence, and

15  the effects of symptoms, including pain reasonably attributable to the medical condition.

16  Robbins, 446 F.3d at 883.

17      The test for deciding whether to accept a claimant's subjective symptom testimony

18  turns on whether the claimant produces medical evidence of an impairment that

19  reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell

20  v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715,

21  722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not

22  discredit a claimant's testimony on the severity of symptoms merely because they are

23  unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947

24  F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ

25  "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at

26  345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude

27  that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas v. Barnhart, 278

28  F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th

Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B.    Analysis

In determining Plaintiff's RFC, the ALJ did not fully credit the testimony and allegations of the Claimant.  (AR 34.)  Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

First, the ALJ found that the objective medical evidence does not support the level of impairment that Plaintiff alleges.  (AR 34.)  An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, the ALJ cited the March 24, 2009 initial orthopedic examination of Dr. Charles Alexander.  (AR 28, 240-241.) Dr. Alexander diagnosed Plaintiff with lumbosacral strain and fibromyalgia.  (AR 28-29, 241.)  He prescribed medication and physical therapy.  (AR 241.)  In January 2011 USC healthcare providers assessed Claimant with fibromyalgia, degenerative joint disease and neuropathy.  (AR 29.)  On July 11, 2011 consulting internist Dr. John Sedgh found no evidence of cervical or lumbar spasm or tenderness, full range of motion in the shoulder and all extremities, normal range of motion in the wrists, normal motor and sensory functions and normal gait without the use of an assistive device.  (AR 32-33, 443-445.)  He diagnosed Plaintiff with fibromyalgia and assessed a light work RFC with limitations of six hours of standing, walking or sitting in an eight hour day.  (AR 29, 445.) He also opined that Claimant can occasionally kneel, crouch and stoop, as well as

7

engage in fine and gross manipulation with the left hand.  (AR 33, 445.)  Medical expert Dr. H. C. Alexander, a rheumatologist (AR 58, 507-511), testified at the hearing, after reviewing the overall medical record, that Plaintiff can perform less than a full range of light work with limitations of six hours of standing, sitting or walking in an eight hour day.  (AR 33, 49.)  Dr. Alexander also testified Claimant can frequently engage in postural positions and occasionally grasp, handle and feel with her hands, to accommodate her carpal tunnel syndrome.  (AR 33, 49.)  He further testified that there were no limitations on reaching and no limitations on visual activities or communication but Claimant should avoid exposure to dangerous machinery and unprotected heights.  (AR 33, 49.)  State agency reviewing physician Dr. Luther Woodcock also offered a light work RFC assessment.  (AR 33, 487-494.)  Medical expert Dr. Raymond Moore reviewed the record and testified that Plaintiff's depressive disorder causes no more than mild limitations and is nonsevere.  (AR 34.)  No medical source opined that Plaintiff was precluded from all work.  Plaintiff does not directly address the mostly consistent RFC assessments of the above medical professionals.

Second, the ALJ found that Claimant's back pain and fibromyalgia pain were treated conservatively and effectively with medication and physical therapy.  (AR 32.) Conservative treatment is a valid basis for discounting a claimant's testimony regarding the severity of his or her symptoms.  Parra, 481 F.3d at 750-51; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (subjective symptom allegations undermined because Plaintiff responded favorably to conservative treatment including physical therapy and medication); Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments which can be controlled effectively with medication are not disabling).  Plaintiff argues that there is nothing in the record establishing that there are more aggressive treatment options or that medical professionals have recommended them.  Plaintiff misses the point.  Medical professionals never recommended more severe opiod medications or surgery for her disc disease of the spine because Plaintiff's condition did not warrant it.  The evidence, moreover, indicates Plaintiff responded well

1  to the medications and physical therapy she received.

2      Third, the ALJ noted numerous inconsistencies between Claimant's statements

3  and conduct, and her subjective symptoms.  An ALJ may discount a claimant's

4  symptoms based on "conflicts between his testimony and his conduct or on internal

5  contradictions in that testimony."  Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th

6  Cir. 1997).  Here, the ALJ noted that Claimant described her pain in March 2011 as "only

7  intermittent" and in May 2011 and July 2011 rated her pain as only three on a ten point

8  scale.  (AR 32.)  She denied experiencing any pain during her annual exam at USC in

9  June 2011.  (AR 32.)  At that time USC healthcare providers noted Claimant walked

10 without an assistive device and was "functionally independent."  (AR 32.)  In October of

11 2011, USC healthcare providers noted Claimant presented with a normal gait and had

12 intact motor and sensory functions.  (AR 33.)  Despite numerous findings of normal gait

13 (AR 33), Plaintiff claims she was prescribed a walker.  (AR 47.)  Medical expert

14 Dr. Alexander, however, testified that he found no evidence in the record that a walker

15 had been prescribed or was necessary.  (AR 33, 50.)

16     Fourth, the ALJ noted that Plaintiff had work activity after the alleged onset date.

17 (AR 28, 34.)  Although Claimant's work activity was not sufficient to constitute substantial

18 gainful activity, the ALJ found that it establishes Claimant is capable of engaging in

19 some work-related activities.  (AR 34.)  An ALJ may consider the fact that Claimant

20 worked after an injury.  Osenbrock v. Apfel, 240 F.3d 1157, 1165-66 (9th Cir. 2001).

21     Plaintiff's primary argument is that the symptoms of fibromyalgia are mostly

22 subjective and objective medical evidence alone is legally insufficient to preclude a

23 disabling impairment.  The ALJ, however, relied on both medical and non-medical

24 evidence.  The relevant specialty for evaluating fibromyalgia is rheumatology.  Benecke

25 v. Barnhart, 379 F.3d 587, 594 n.4 (9th Cir. 2004).  Dr. H. C. Alexander is a

26 rheumatologist who reviewed the medical evidence and provided the RFC assessment

27 adopted by the ALJ.  Also, as already noted, there is considerable non-medical

28

1  evidence, most of it from Plaintiff's own statements and conduct, indicating that her

2  fibromyalgia is not disabling and that she is capable of greater activity than she alleges.

3       Plaintiff disputes the ALJ's interpretation of the evidence regarding the credibility

4  of her subjective symptom allegations but it is the ALJ who is responsible for resolving

5  conflicts in the medical evidence and ambiguities in the record.  Andrews v. Shalala, 53

6  F.3d 1035, 1039 (9th Cir. 1995).  Where the ALJ's interpretation of the medical and other

7  evidence is reasonable as it is here, it should not be second-guessed.  Rollins, 261 F.3d

8  at 857.

9       The ALJ discounted Plaintiff's subjective symptom allegations for clear and

10  convincing reasons supported by substantial evidence.  The ALJ's RFC is supported by

11  substantial evidence.  The ALJ's nondisability determination is supported by substantial

12  evidence and free of legal error.

### ORDER

14       IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

15  Commissioner of Social Security and dismissing this case with prejudice.

17  DATED: October 31, 2014                    /s/ John E. McDermott
                                               JOHN E. MCDERMOTT
18                                             UNITED STATES MAGISTRATE JUDGE